Filed 8/27/20  P. v. Payne CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br>v.<br>THOMAS PAYNE,<br>    Defendant and Respondent. | A158497<br><br>(Marin County<br>Super. Ct. No. SC206090) |

Thomas Payne filed a petition for writ of habeas corpus alleging that the Department of Corrections and Rehabilitation (the Department) is unlawfully excluding him from consideration for early parole under Proposition 57.  The Attorney General disputed Payne's claim, contending that the Department has authority to exclude inmates from early parole consideration when they, like Payne, have a prior conviction for a registerable sex offense.  The superior court granted Payne's petition, finding that the challenged regulation is void for reasons set forth in *In re Gadlin* (2019) 31 Cal.App.5th 784 (*Gadlin*), review granted May 15, 2019, S254599.

The Department filed the present appeal.  We reject Payne's contention that this appeal is not authorized by statute.  However we find that the Department does not have authority to deny an inmate consideration for

1

parole under Proposition 57 because of a prior conviction for a registerable sex offense.  Accordingly, we affirm the order granting Payne's petition.

## BACKGROUND

In 1996, Payne was convicted of forcible oral copulation and sodomy by force.  He was sentenced to a 10-year prison term and required to register as a sex offender under Penal Code section 290.  In 2006, Payne was convicted of possession of a firearm by a person previously convicted of a violent felony (Pen. Code, former § 12021.1, subd. (a)) and possession of ammunition by a person previously convicted of a felony (*id.* at § 12316, subd. (b)(1)).  He was sentenced to prison for 25 years to life under the Three Strikes Law (Pen. Code, § 1170.12) plus an additional year for a prior prison term (*id.* at § 667.5, subd. (b)), for an aggregate term of 26 years to life in state prison.

In 2016, California voters passed Proposition 57, the Public Safety and Rehabilitation Act of 2016.  "[T]he (uncodified) text of Proposition 57 declares the voters' purposes in approving the measure were to:  '1. Protect and enhance public safety.  [¶]  2. Save money by reducing wasteful spending on prisons.  [¶]  3. Prevent federal courts from indiscriminately releasing prisoners.  [¶]  4. Stop the revolving door of crime by emphasizing rehabilitation, especially for juveniles.' "  (*In re Edwards* (2018) 26 Cal.App.5th 1181, 1185.)

Proposition 57 added section 32 to Article I of the California Constitution (section 32).  Section 32, subdivision (a), provides that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.  [¶]  . . . For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by

the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence."

Section 32, subdivision (b) directs the Department to "adopt regulations in furtherance of these provisions." The regulation that is pertinent to this appeal provides that an inmate is ineligible for parole consideration if "[t]he inmate is convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in sections 290 through 290.024 of the Penal Code." (Cal. Code Regs., tit. 15, § 3491, subd. (b)(3) (regulation 3491(b)(3)).) As illustrated by Payne's case, the Department interprets this regulation to apply if an inmate has *ever* been convicted of a sex-registerable offense, even if that conviction is not a crime for which the inmate is currently incarcerated.

In September 2018, Payne filed a habeas petition challenging his exclusion from consideration for early parole under Proposition 57. Payne alleged he is entitled to parole consideration under section 32 because his current offenses are nonviolent felonies for which he has already served full base terms. He alleged further that the Department's parole consideration system for nonviolent offenders contravenes Proposition 57 by, among other things, excluding from eligibility anyone serving an indeterminate life sentence and anyone required to register as a sex offender.

In January 2019, the Attorney General filed an informal response arguing Payne's petition was moot because amended Department regulations that took effect on January 1, 2019, "implement parole review hearings for certain indeterminately-sentenced offenders under Proposition 57, as ordered in *In re Edwards* (2018) 26 Cal.App.5th 1181."

In February 2019, the Attorney General filed a supplemental informal response stating that its original response "inadvertently" failed to address

3

Payne's status as a registered sex offender. The Attorney General acknowledged that Payne stated a prima facie claim for relief under *Gadlin*, *supra,* 31 Cal.App.5th 784, which had just been decided. *Gadlin* held that Department regulations run afoul of section 32 to the extent they disqualify inmates for early parole consideration because they have prior convictions that require sex offender registration. (*Id*. at p. 790.)

In March 2019, the superior court issued an order to show cause, directing the Attorney General to file a return. In that return, the Attorney General alleged that Payne is ineligible for parole review under regulation 3491(b)(3) because he is required to register as a sex offender upon release from prison. The Attorney General argued that this regulation is not invalid "in any way," and that it does not conflict with section 32 because it is "consistent with public safety and voter intent." The Attorney General conceded his position was rejected in *Gadlin* but argued that *Gadlin* was not dispositive because the Department had filed a petition for review. Accordingly, the Attorney General urged the superior court to approve regulation 3491(b)(3), deny Payne's petition, and discharge the order to show cause.

Before the superior court ruled on the habeas petition, the California Supreme Court granted review in *Gadlin*. In response, the Attorney General filed a motion to hold the proceeding in abeyance. The Attorney General argued that because the Supreme Court's decision in *Gadlin* would directly impact Payne's petition, there was good cause to extend the time for ruling on it. (Citing Cal. Rules of Court, rule 4.551(h).)

In an August 2, 2019 order, the superior court denied the Attorney General's motion to hold the proceeding in abeyance and granted Payne a writ of habeas corpus. The court observed that the legal issue presented by

4

Payne's petition is identical to the issue in *Gadlin*. And, "for the same reasons stated in *Gadlin*," the court found that the regulatory provision that makes Payne ineligible for early parole consideration is "inconsistent with" section 32 "and therefore void." The court directed the Department to evaluate Payne for early parole consideration within 90 days.

## DISCUSSION

### I. The Appeal Will Not Be Dismissed

As a preliminary matter, we address Payne's contention that this "purported appeal" should be dismissed because it is "without statutory basis." The notice of appeal and appellant's opening brief cite Penal Code section 1507 as authority for the proposition that a superior court order granting a petition for writ of habeas corpus is appealable. Payne contends that Penal Code section 1507 does not authorize this particular appeal and therefore a dismissal is warranted. We reject this contention.

Penal Code section 1507 provides: "Where an application for a writ of habeas corpus has been made by or on behalf of any person other than a defendant in a criminal case, an appeal may be taken to the court of appeal from a final order of a superior court granting all or any part of the relief sought." Payne contends this provision does not apply here because he is a criminal defendant. Technically, Payne's status in this case is that of a prison inmate rather than a defendant in a criminal proceeding. Thus, this appeal is authorized by Penal Code section 1507. (See e.g. *In re Smith* (2009) 171 Cal.App.4th 1631, 1633 [order reversing Governor's decision that inmate was unsuitable for parole appealed under Pen. Code, § 1507].)

Furthermore, Payne overlooks Penal Code section 1506, which states: "An appeal may be taken to the court of appeal by the people from a final order of a superior court made upon the return of a writ of habeas corpus

5

discharging a defendant or otherwise granting all or any part of the relief sought, in all criminal cases, excepting criminal cases where judgment of death has been rendered . . ." Even if Payne retains his status as a criminal defendant for purposes of this proceeding, the order granting him habeas relief would be appealable under Penal Code section 1506. (See e.g., *In re Morganti* (2012) 204 Cal.App.4th 904, 915 [order reversing parole board finding that inmate was unsuitable for parole appealable under Pen. Code, § 1506].)

Thus, whether it be Penal Code section 1506, section 1507, or both, there is a statutory basis for this appeal.

## II.  The Challenged Regulation Is Invalid

" 'In order for a regulation to be valid, it must be (1) consistent with and not in conflict with the enabling statute and (2) reasonably necessary to effectuate the purpose of the statute. (Gov. Code, § 11342.2.)' [Citations.] Therefore, 'the rulemaking authority of the agency is circumscribed by the substantive provisions of the law governing the agency.' " (*In re Edwards*, *supra*, 26 Cal.App.5th at p. 1189; see also *In re McGhee* (2019) 34 Cal.App.5th 902, 911 [agency does not have " 'discretion to promulgate a regulation which is inconsistent with the governing statute' "].)

Several courts have found that the Department exceeded its rulemaking authority by adopting regulation 3491(b)(3) because the regulation conflicts with section 32, which affords early consideration for parole to inmates serving a sentence for a nonviolent felony. (*Gadlin, supra*, 31 Cal.App.5th 784; *In re Schuster* (2019) 42 Cal.App.5th 943, rev. granted Feb. 19, 2020, S260024; *Alliance for Constitutional Sex Offense Laws v. Department of Corrections & Rehabilitation* (2020) 45 Cal.App.5th 225, rev. granted May 27, 2020, S261362; *In re Chavez* (2020) 51 Cal.App.5th 748

(*Chavez*).) We agree with these courts with respect to an inmate whose current offenses are non-violent, and reach the same conclusion.

Section 32 "broadly applies to '[a]ny' inmate convicted of a nonviolent felony and, because it uses 'shall,' is explicitly mandatory. It contains no suggestion that it is restricted to those lacking certain prior convictions. The fact that Proposition 57 expressly requires its provisions 'shall be liberally construed to effectuate its purposes' rebuts any possible inference that the voters intended for this broad mandate to be restricted by the [Department's] enactment of regulations deeming ineligible some of those identified as eligible in section 32." (*Chavez, supra*, 51 Cal.App.5th at p. 754, italics omitted.)

*Chavez* was decided after this appeal was fully briefed, but *Gadlin* reaches the same conclusion, finding that the plain language of section 32 makes "clear that early parole eligibility must be assessed based on the conviction for which an inmate is now serving a state prison sentence (the current offense), rather than prior criminal history." (*Gadlin, supra*, 31 Cal.App.5th at p. 789.) The Department's policy concerns about public safety risks posed by inmates with prior convictions for registerable sex offenses do not "trump the plain text of section 32, subdivision (a)(1)." (*Gadlin*, at p. 789.)[1]

The Department contends *Gadlin* was wrongly decided because the court considered only the literal wording of section 32 and failed to take account of voter intent as gleaned from Proposition 57's ballot material. We are not persuaded by this argument. Courts should not adopt a literal

---

[1] The Department has filed a motion for judicial notice of court records from a federal action to implement reforms in the California prison system. The motion is denied because the material was not before the trial court and is not relevant to our resolution of this appeal.

construction of a statute "if it is contrary to the legislative intent apparent in the statute." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.) "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act." (*Ibid*.) Here, "Proposition 57 expressly requires that its provisions 'shall be liberally construed to effectuate its purposes.'" (*Chavez, supra*, 51 Cal.App.5th at p. 754, italics omitted.) This express intent precludes the Department from relying on ballot arguments to justify a restrictive regulation that is inconsistent with section 32's express provisions. (*Id*. at pp. 754–755)

Moreover, we are not persuaded by the Department's argument about voter intent expressed in Proposition 57 ballot materials. The Department's evidence, which appears to be an excerpt from an official voter pamphlet, contains an argument by opponents of Proposition 57 and a rebuttal by proponents of the measure. Opponents urged voters to vote no if they did not want a criminal who raped an unconscious person or a child molester to secure "early release from prison." In the rebuttal argument, proponents urged voters not to be "misled by false attacks," and stated that Proposition 57 would not automatically release anyone from prison or change a federal court order that excludes sex offenders from parole. Assuming that this material could be judicially noticed, it would show nothing more than a disagreement about what Proposition 57 would accomplish. This evidence does not prove that voters necessarily intended to exclude all inmates with registerable sex offenses from early consideration for parole.

As the trial court found, Payne is similarly situated in all material respects to the petitioner in *Gadlin*. The same is true of this case and *Chavez*. For the reasons stated here and in these analogous cases, we affirm the order granting the petition for writ of habeas corpus and directing the

8

Department to grant Payne early parole consideration under section 32. We emphasize that it is only *consideration* for parole we are ordering, not release on parole. It will be for the Parole Board to determine whether or when Payne is an appropriate candidate for release into the community.

## DISPOSITION

The order is affirmed.

_____
TUCHER, J.

WE CONCUR:


_____
POLLAK, P. J.


_____
BROWN, J.